IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

ROBERT LEONARD, WILLIAM COOK, )
DIANA WATERS, DAVID WEGENG )
and ROGER FONTANA, )
)
      Plaintiffs, )
)
v. ) No. 05-CV-1069
)
PHIL KATSINAS, ROGER )
HUDDLESTON, ROUND BARN )
RESTUARANT, INC., and the HONOR )
THE CHIEF SOCIETY, INC., )
)
      Defendants. )
_____)
)
PHIL KATSINAS and ROUND BARN )
RESTUARANT, INC., )
)
      Counter-claimants, )
)
v. )
)
ROBERT LEONARD, WILLIAM COOK, )
DIANA WATERS, DAVID WEGENG )
and ROGER FONTANA, )
)
      Counter-defendants. )

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

    This matter comes before the Court on a Second Motion to Compel

(d/e 54) filed by Defendants Phil Katsinas and Round Barn Restaurant, Inc.

(collectively, the Restaurant Defendants), pursuant to Federal Rule of Civil

Procedure 37.  The Restaurant Defendants seek an order compelling Plaintiffs to comply with discovery that has been previously forwarded to them in this case.  The Restaurant Defendants also seek an award of fees incurred in pursing this motion and an extension of the discovery deadline that has been established in this case.  For the reasons set forth below, the Second Motion to Compel is allowed, in part, and denied, in part.  Plaintiffs are directed to comply as directed on or before May 2, 2006.

The Amended Complaint (d/e 3) alleges that Plaintiffs, who are individuals of Native American heritage, were wrongfully denied entry into a rally and reception held by Defendant Honor the Chief Society, Inc.  The rally was held at the Round Barn Restaurant, in Champaign, Illinois.  Katsinas is the owner of the Round Barn Restaurant.  Plaintiffs allege that Katsinas denied them entry onto the restaurant premises, and that he did so based on their race, color or national origin.  The Restaurant Defendants have filed a counterclaim for defamation and conspiracy to commit defamation against Plaintiffs.  <u>First Amended Counterclaim (d/e 38)</u>.

The Restaurant Defendants filed their first Motion to Compel (d/e 44) in January 2006.  The Restaurant Defendants asserted that Plaintiffs had failed to answer interrogatories and respond to requests to produce.  When Plaintiffs advised the Court that they had complied with the Restaurant Defendants' discovery requests, the Court denied the first Motion to Compel as moot without

prejudice to refiling. Text Order, January 25, 2006. On March 3, 2006, the Restaurant Defendants filed the Second Motion to Compel, asserting that Plaintiffs' discovery responses were incomplete. Plaintiffs filed a Response to Second Motion to Compel (d/e 59), together with some additional discovery. The Court directed the Restaurant Defendants to reply, which they have done. The Second Motion to Compel is now ripe for decision.

## Standard for Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so

long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice

resulting from the denial of discovery.  Id.  Remember, we are talking discovery, not admissibility at trial.  With this in mind, the Court turns to an independent analysis of each challenge raised.

Analysis

    A.  Rule 26 Disclosures

As an initial matter, the Restaurant Defendants assert that Plaintiffs' Rule 26 Disclosures are deficient.  The Restaurant Defendants argue that Plaintiffs' attorney erroneously failed to supplement the Rule 26 Disclosures as new information was revealed.  See Fed. R. Civ. P. 26(e).  The Restaurant Defendants point to several individuals who are identified in the Answers to Interrogatories who are not included in the Rule 26 Disclosures.  Plaintiffs assert that they are in compliance with discovery.

The Court notes that neither party has supplied the Court with copies of Plaintiffs' Rule 26 Disclosures.  The Court, thus, cannot address the arguments relating to the substance of the Disclosures, which the record reflects were served on Defendants in June 2005.  See Certificate of Compliance (d/e 32). Under Rule 26, a party is, among other things, required to provide the opposing party with

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Fed. R. Civ. P. 26(a)(1)(A). Therefore, if Plaintiffs might use the individuals identified in the Answers to Interrogatories to support their claims, Plaintiffs must supplement their Rule 26 Disclosures to include these individuals. It is not clear to the Court, at this point, whether the Plaintiffs might use the identified individuals to support their claims thereby implicating Rule 26. Therefore, the Restaurant Defendants' request to compel as it relates to the Rule 26 Disclosures is denied. However, Plaintiffs are cautioned to remember their on-going duty to supplement their Rule 26 Disclosures.

B. Plaintiff Fontana's Answers to Interrogatories

The Restaurant Defendants raise several challenges to Fontana's Answers to Interrogatories.[1] As an initial matter, the Restaurant Defendants assert that Fontana failed to identify certain statements in response to Interrogatories 2, 22, or 23 and to produce and incorporate by reference certain documents in response to Interrogatories 2, 20, 21, 22, and 23. Specifically, the Restaurant Defendants point to an e-mail that Fontana sent to "The Paper" and other undisclosed media outlets regarding his experience at the banquet.[2] See

---

[1] The Court notes that all of the Plaintiffs' Answers to Interrogatories are attached as Ex. C to the Second Motion to Compel. The Court will address the challenges to the Answers of each Plaintiff individually.

[2] The Second Motion to Compel also identifies an essay that Fontana wrote for an English class at Parkland College that was subsequently published in the Parkland student newspaper. The Restaurant Defendants' Reply indicates that this essay has been produced, satisfying the Restaurant Defendants' requests for information or production as they relate to the essay. Defendants' Reply to Plaintiffs' Response to Defendants' Second Motion to Compel (d/e 60), p. 2.

Second Motion to Compel, Ex. G, E-mail from Roger Fontana dated Feb. 28, 2004. This e-mail appears to fall within the scope of Interrogatories 2, 20, 21, 22, and 23. Therefore, the Restaurant Defendants' request to compel on this basis is allowed. Fontana is directed to supplement his Answers to Interrogatories to either confirm or deny sending this e-mail, to identify any recipients of the e-mail, and to identify any other material within the scope of these interrogatories.

The Restaurant Defendants assert that Fontana failed to completely answer Interrogatory 3. The Restaurant Defendants base their argument on the fact that Fontana's answer to Interrogatory 3 fails to identify witnesses identified in the Answers to Interrogatories provided by other Plaintiffs. Fontana must base his answer to Interrogatory 3 on his own recollection, and the mere fact that it does not mirror the answers of other Plaintiffs does not mean that Fontana's answer is incomplete. Inconsistencies between the answers can be explored through depositions. The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants assert that Fontana may have omitted information from his answer to Interrogatory 20 relating to a student named "Sarah" and another student who arrived to videotape the incident at the rally. Specifically, the Restaurant Defendants assert that the students could not have known to come to the restaurant absent any communication from Plaintiffs. The Restaurant Defendants, however, point to no specific information regarding

Fontana's awareness of any such communications. To the extent that Fontana has information regarding communications with these students or their professor Jay Rosenstein, he is directed to supplement his answer to Interrogatory 20.

The Restaurant Defendants assert that Fontana failed to identify the Champaign Police Department (CPD) as an entity conducting an investigation of the incident at issue in his answer to Interrogatory 5. The Restaurant Defendants point to Fontana's answer to Interrogatory 20 which states that a fellow plaintiff was able to obtain documentation of CPD's arrival on the scene. The information provided in response to Interrogatory 20 does not indicate that CPD conducted an investigation, only that it responded to the scene. Moreover, the Restaurant Defendants are clearly aware of the CPD's involvement. The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants assert that Fontana's answer to Interrogatory 8 is incomplete. Interrogatory 8 inquires into medical care incurred as a result of the incident. Fontana responded to Interrogatory 8 as follows: "See my records: Clinical Depression, Francis Nelson Clinic, Champaign, IL." Fontana, however, failed to provide the referenced records. The Restaurant Defendants indicate that Fontana provided documents relating to treatment at the Mental Health Center of Champaign after the filing of the Second Motion to Compel. There is no indication as to the relationship, if any, between the Mental Health Center and the Francis Nelson Clinic. Therefore, the Restaurant Defendants' request to

compel on this basis is allowed. Fontana is directed to supplement his answer to Interrogatory 8. To the extent he references medical records, he is directed to provide those records to the Restaurant Defendants.

The Restaurant Defendants assert that Fontana's answer to Interrogatory 9 is incomplete. Interrogatory 9 inquires into bills for medical care incurred as a result of the incident. Fontana responded to Interrogatory 9 as follows: "Francis Nelson (all bills outstanding)." Fontana, however, failed to provide any copies of the bills at issue. Therefore, the Restaurant Defendants' request to compel on this basis is allowed. Fontana is directed to supplement his answer to Interrogatory 9. To the extent he references medical bills, he is directed to provide copies of those bills to the Restaurant Defendants. See Fed. R. Civ. P. 33(d).

Interrogatory 11 asks Fontana to "Identify each witness who will testify at trial, together with the subject of the witness' & [sic] testimony." Fontana responded as follows: "See Rule 26 disclosures previously filed." The Restaurant Defendants assert that the Rule 26 Disclosures fail to adequately answer Interrogatory 11. As previously noted, the Court is not in receipt of the Plaintiffs' Rule 26 Disclosures and, thus, cannot address their adequacy. The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants assert that Fontana's answer to Interrogatory 21 is incomplete. Interrogatory 21 asks Fontana to identify any documents

regarding the incident.  Fontana states that he sent out a mass e-mail. Interrogatory 21 does not ask Fontana to identify to whom the documents in question were sent, thus, Fontana has complied with Interrogatory 21.  However, the Restaurant Defendants state that Fontana has failed to produce copies of the e-mails, which appear to fall within the scope of the Restaurant Defendants' Request to Produce.  Fontana is directed to comply with the Request to Produce as it relates to these mass e-mails.

    C.  Plaintiff Waters' Answers to Interrogatories

The Restaurant Defendants raise several challenges to Waters' Answers to Interrogatories.  The Restaurant Defendants assert that Waters' answer to Interrogatory 10 is incomplete.  The Court agrees.  Interrogatory 10  seeks information as to damages.  Waters' has responded that damages are "[a]s of yet, not finitely ascertained."  This answer is incomplete.  Waters must  answer the interrogatories as completely as possible after due inquiry.  The Restaurant Defendants' request to compel on this basis is allowed.

The Restaurant Defendants assert that Waters' answer to Interrogatory 14 is incomplete, based on information she provided in Interrogatory 13.  The Court agrees that Interrogatory 14 appears to be incomplete.  If Waters' mother is a witness who supports Waters' claim that she is racially Native American she should be listed in response to Interrogatory 14.   The Restaurant Defendants' request to compel on this basis is allowed.

The Restaurant Defendants assert that Waters failed to sufficiently answer Interrogatory 20. Interrogatory 20 asks Waters to identify the date of and participants to any written or oral communications regarding the incident. Waters responded as follows: "Plaintiffs have had informal communications too numerous to list regarding the incident." At the outset, the Court agrees with the Restaurant Defendants' assertion that this response cannot be viewed as a proper objection to the scope of Interrogatory 20, and the Court will not consider it as such. The Restaurant Defendants base their argument relating to the substance of Waters' response on the fact that her answer to Interrogatory 20 appears to be inconsistent with Answers to Interrogatories provided by other Plaintiffs. Waters must base her answer to Interrogatory 20 on her own recollection, and the mere fact that it does not mirror the answers of other Plaintiffs does not mean that Waters' answer is incomplete. Inconsistencies between Plaintiffs' answers can be explored through depositions. Waters, however, must answer the interrogatory in a specific way to the best of her ability. The current general response is insufficient. The Restaurant Defendants' request to compel on this basis is allowed.

Similarly, the Restaurant Defendants assert that Waters' response to Interrogatory 20 is incomplete because she fails to identify any communication with "Sarah" and the other student who arrived to videotape the incident at the rally. Again, the Restaurant Defendants assert that these students could not

have known to come to the restaurant absent any communication from Plaintiffs. The Restaurant Defendants, however, point to no specific information regarding Waters' personal awareness of any such communications. To the extent that Waters has information regarding communications with these students or their professor Jay Rosenstein, she is directed to supplement her answer to Interrogatory 20.

    D.  Plaintiff Cook's Answers to Interrogatories

The Restaurant Defendants raise several challenges to Cook's Answers to Interrogatories. The Restaurant Defendants assert that Cook's answer to Interrogatory 5 is incomplete because Cook failed to identify the CPD as an entity conducting an investigation of the incident at issue. The Restaurant Defendants assert that Cook "must have been aware of the Champaign Police Department's presence at the scene." Second Motion to Compel, p. 10. The fact that CPD responded to the scene does not necessarily mean that CPD conducted an investigation of the incident. Cook must answer the interrogatories based on his own recollection and understanding. Moreover, the Restaurant Defendants are clearly aware of the CPD's involvement. The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants assert that Cook's answer to Interrogatory 10 is incomplete. The Court agrees. Interrogatory 10 seeks information as to damages. Cook responded as follows: "This have not been finitely ascertained

as of yet. Embarrassment, injury to reputation." This answer is incomplete. Cook must answer the interrogatories as completely as possible after due inquiry. The Restaurant Defendants' request to compel on this basis is allowed.

The Restaurant Defendants again raise the argument that Cook's response to Interrogatory 20 is incomplete because he fails to identify any communication with "Sarah" and the other student who arrived to videotape the incident at the rally. Again, the Restaurant Defendants assert that these students could not have known to come to the restaurant absent any communication from Plaintiffs. The Restaurant Defendants, however, point to no specific information regarding Cook's personal awareness of any such communications. To the extent that Cook has information regarding communications with these students or their professor Jay Rosenstein, he is directed to supplement his answer to Interrogatory 20.

E. Plaintiff Wegeng's Answers to Interrogatories

The Restaurant Defendants raise several challenges to Wegeng's Answers to Interrogatories. The Restaurant Defendants assert that Wegeng's answer to Interrogatory 5 is incomplete because Wegeng failed to identify the CPD as an entity conducting an investigation of the incident at issue. The Restaurant Defendants assert that Wegeng possesses records indicating that CPD officers were dispatched to the scene. Again, the fact that CPD responded to the scene does not necessarily mean that CPD conducted an investigation of the incident.

Wegeng must answer the interrogatories based on his own recollection and understanding.  Moreover, the Restaurant Defendants are clearly aware of the CPD's involvement.  The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants again raise the argument that Wegeng's response to Interrogatory 20 is incomplete because he fails to identify any communication with "Sarah" and the other student who arrived to videotape the incident at the rally.  Again, the Restaurant Defendants assert that these students could not have known to come to the restaurant absent any communication from Plaintiffs.  The Restaurant Defendants, however, point to no specific information regarding Wegeng's personal awareness of any such communications.  To the extent that Wegeng has information regarding communications with these students or their professor Jay Rosenstein, he is directed to supplement his answer to Interrogatory 20.

The Restaurant Defendants assert that Wegeng's responses to Interrogatories 3 and 22 are incomplete because he failed to mention statements he made to the Daily Illini newspaper.  The Restaurant Defendants have attached a copy of an article which includes quotes from Wegeng about the incident.  It is not entirely clear that any statements by Wegeng to the Daily Illini would fall within the scope of Interrogatory 3.  However, based on the information presented, it appears to the Court that  Wegeng's answer to Interrogatory 22 is

incomplete. The Restaurant Defendants' request to compel on this basis is allowed. Wegeng is directed to supplement his Answers to Interrogatories to either confirm or deny making statements quoted in the Daily Illini and to identify any other material within the scope of these interrogatories.

F.  Plaintiff Leonard's Answers to Interrogatories

The Restaurant Defendants raise several challenges to Leonard's Answers to Interrogatories. The Restaurant Defendants assert that Leonard's answer to Interrogatory 10, which seeks information on damages, is incomplete. The Court agrees. While Leonard has listed various types of damages, he has not indicated any amounts for these categories as directed in the interrogatory. Leonard's answer is incomplete; he must answer the interrogatories as completely as possible after due inquiry. The Restaurant Defendants' request to compel on this basis is allowed.

The Restaurant Defendants assert that Leonard's answer to Interrogatory 11 is incomplete. Interrogatory 11 asks Leonard to "Identify each witness who will testify at trial, together with the subject of the witness' & [sic] testimony." Leonard responded as follows: "See previous Rule 26 disclosures." The Restaurant Defendants assert that the Rule 26 Disclosures fail to adequately answer Interrogatory 11. As previously noted, however, the Court is not in receipt of the Plaintiffs' Rule 26 Disclosures and, thus, cannot address their

adequacy.  the Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants assert that Leonard's answer to Interrogatory 18 is incomplete.  They base their argument on perceived inconsistencies with the answers to interrogatories provided by other Plaintiffs.  Leonard must base his answers to the interrogatories on his own recollection.  The mere fact that Leonard's answers do not mirror the answers of other Plaintiffs does not mean that Leonard's answer is incomplete.  Inconsistencies between Plaintiffs' answers can be explored through depositions.  The Restaurant Defendants' request to compel on this basis is denied.

The Restaurant Defendants challenge Leonard's answer to Interrogatory 20 as incomplete.   The Restaurant Defendants again base their argument on the fact that "Sarah" and another student arrived to videotape the incident at the rally.  The Restaurant Defendants again assert that these students could not have known to come to the restaurant absent any communication from Plaintiffs.  The Restaurant Defendants, however, point to no specific information regarding Leonard's personal awareness of any such communications.  To the extent that Leonard has information regarding communications with these students or their professor Jay Rosenstein, he is directed to supplement his answer to Interrogatory 20.

The Restaurant Defendants assert that Leonard's responses to Interrogatories 2 and 22 are incomplete because he failed to mention statements he made to the Daily Illini newspaper. The Restaurant Defendants have attached a copy of an article which includes quotes from Leonard about the incident. Based on the information presented, it appears to the Court that Leonard's answers to Interrogatories 2 and 22 are incomplete. The Restaurant Defendants' request to compel on this basis is allowed. Leonard is directed to supplement his Answers to Interrogatories to either confirm or deny making statements quoted in the Daily Illini and to identify any other material within the scope of these interrogatories.[3]

G. Requests to Produce

Based on the information provided to the Court, it appears that Plaintiffs Fontana, Waters, Cook, and Leonard responded, at least in part, to the Restaurant Defendants' Requests to Produce following the filing of the Second Motion to Compel. However, the submissions indicate that Plaintiff Wegeng has completely failed to answer Defendants' Requests to Produce. Wegeng is ordered to respond to the Requests to Produce on or before May 2, 2006.

The Defendants allege certain specific shortcomings with respect to the responses that have been provided to the Requests to Produce. As set forth

---

[3] The Court notes that the Restaurant Defendants initially challenged Leonard's response to Interrogatory 13, but withdrew this challenge in their Reply.

above, to the extent Fontana references medical records and bills from the Frances Nelson Clinic in his Answers to Interrogatories, he must provide the Restaurant Defendants with copies of the documents.  Fontana is also directed to produce the document identified in his answer to Interrogatory 14 purportedly showing his registration with the Southern Band of the Cherokee Government because it falls within the scope of the Request to Produce.  Fontana states that he is in the process of obtaining other responsive documents; however, the Requests to Produce have been pending for over 6 months.  Fontana is directed to complete his response on or before May 2, 2006.

Cook is directed to produce copies of the documents he references in his answer to Interrogatory 14, because these documents fall within the scope of the Request to Produce.  Cook is also directed to provide a photograph or copy of the banner he displayed at the incident, because it falls within the scope of the Request to Produce.  Cook states that he is in the process of obtaining other responsive documents; however, the Requests to Produce have been pending for over 6 months.  Cook is directed to complete his response on or before May 2, 2006.

The Restaurant Defendants assert that Plaintiffs Fontana and Wegeng have failed to properly respond to Request to Produce 25, which seeks all documents relating to any other claim made at any time by any of the Plaintiffs, whether or not related to the incident, and whether or not payment was made in

response to the claim. According to the Restaurant Defendants, Fontana and Wegeng raised an untimely objection to this Request to Produce. Fontana and Wegeng do not raise an objection to Request to Produce 25 in their response to the motion to compel. Rather, they assert that they have complied with the Request for Production of Documents. Thus, the Court does not address any possible objection, and to the extent that they have not, Fontana and Wegeng are directed to comply with Request to Produce 25 on or before May 2, 2006.

H. Request for Attorney's Fees

Finally, the Restaurant Defendants request an award of fees incurred in pursing this motion to compel. Because the motion to compel is allowed in part and denied in part, Fed. R. Civ. P. 37(a)(4)(C) provides the proper standard for apportioning the expenses incurred in relation to the motion. Under Rule 37(a)(4)(C), the Court "may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." In the instant case, the Court finds that a reasonable award of fees is warranted. Counsel for Restaurant Defendants directed to file an affidavit of fees and costs in litigating the "<u>instant</u>" Motion to Compel (d/e 54) by May 12, 2006. Plaintiffs response, if any, to the affidavit's requests to be filed by May 26, 2006.

## Conclusion

THEREFORE, Second Motion to Compel (d/e 54) is ALLOWED, in part, and DENIED, in part, as set forth above. Plaintiffs are granted until May 2, 2006 to supplement their discovery responses as set forth above. The Restaurant Defendants to file an affidavit of fees and costs by May 12, 2006, and Plaintiffs to respond by May 26, 2006.

IT IS THEREFORE SO ORDERED.


ENTER:  April 20, 2006

       FOR THE COURT:

                              s/ Byron G. Cudmore

                              _____
                              BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE